IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LEXI LASHBAUGH<br><br>*Defendant*. | Case No. 1:23-CR-105<br><br>The Honorable Leonie M. Brinkema<br><br>Hearing Date: November 21, 2025 |

**SUPPLEMENT TO UNITED STATES' POSITION ON
DEFENDANT'S SUPERVISED RELEASE VIOLATIONS**

Defendant Lexi Lashbaugh first violated her conditions of supervised release by using illegal substances over a year ago. *See* November 4, 2024 Petition on Supervised Release, ECF No. 42. Since then, the Defendant has had ample opportunity to address her substance abuse and achieve compliance with the conditions of her supervised release. As reflected by the May 21, 2025 and November 10, 2025 addenda documenting additional admitted substance-related violations, however, the Defendant has failed to do so. *See* ECF Nos. 58-59. For this reason, the United States respectfully requests that the Court find the Defendant in violation of the terms of her supervised release, revoke supervision, sentence the Defendant to five month's imprisonment, and terminate the Defendant's supervised release early.

**BACKGROUND**

On June 13, 2023, the Defendant pled guilty to a one-count Criminal Information charging her with Conspiracy to Make False Statements to a Federal Firearms Licensee, in violation of Title 18, United States Code, §§ 371 and 924(a)(1)(A). *See* ECF Nos. 21-22. While under pretrial supervision, the Defendant tested positive for marijuana in violation of her conditions of release

1

on May 23, 2023, June 1, 2023, and June 13, 2023. The United States Probation Office initially submitted a no action report to this Court advising of the violations but later filed a Petition for Action on Conditions of Supervised Release, and this Court held a hearing on September 19, 2023, concurrent with sentencing. *See* ECF No. 34. At sentencing, this Court imposed a twelve-months-and-one-day term of imprisonment with credit for time served on bond violation, followed by three years of supervised release with special conditions, and a $100 special assessment. ECF No. 39. The Defendant's term of supervised release began on July 22, 2024. *See* ECF No. 42 at 2. Since then, the Defendant has tested positive for and admitted to the use of multiple illegal substances:

| Test Date | Substance(s) | Positive Drug Screen | Admission of Use | Reporting Document |
|---|---|---|---|---|
| **September 18, 2024** | Cocaine, Marijuana | Yes | Yes | Original Petition |
| **October 4, 2024** | Cocaine | Yes | Yes | Original Petition |
| **October 15, 2024** | Cocaine | Yes | Yes | Original Petition |
| **October 22, 2024** | Cocaine, Fentanyl, Marijuana | Yes | Yes to Cocaine and Marijuana | Original Petition |
| **October 29, 2024** | Cocaine, Marijuana | Yes | Yes | Original Petition |
| **April 24, 2025** | Cocaine, Marijuana | Yes | Yes | First Addendum |
| **October 3, 2025** | Marijuana | Yes | Yes (8/21/25 use) | Second Addendum |
| **October 21, 2025** | Marijuana | Yes | No – last use 8/21/25 | Second Addendum |
| **October 28, 2025** | Marijuana | Yes | No – last use 8/21/25 | Second Addendum |
| **October 31, 2025** | Cocaine, Marijuana | Yes | Yes to Cocaine, no to Marijuana since 8/21/25 | Second Addendum |

After her positive drug screens in October 2024, the Defendant entered the National Capital Treatment & Recovery inpatient treatment program ("NCTR") on October 31, 2024. ECF No. 42

2

at 2. The parties requested a continuance of the revocation hearing so that the Defendant could complete the inpatient program uninterrupted, and this Court continued the revocation hearing to December 10, 2024. *See* ECF No. 49. Upon completion of NCTR, the Defendant transitioned to a 60-day inpatient rehabilitation program in Richmond, Virginia. ECF No. 59. As the Defendant continued to participate in inpatient treatment, her revocation hearing was continued to January 14, 2025, and later cancelled when the Defendant was released to a residential recovery program in April 2025. *Id*. Only ten days into that program, the Defendant was discharged due to drug use, after which the Probation Office submitted the First Addendum. ECF No. 58.

The Defendant entered another inpatient treatment program on April 30, 2025, and remained there until she was administratively discharged on October 2, 2025 due to physical aggression toward a peer and marijuana use. On November 4, 2025, the Defendant returned to the same program for dual diagnosis treatment and will be evaluated in 30 – 45 days to determine if treatment should be extended.

## STATUTORY AND GUIDELINES ANALYSIS

As set forth in greater detail in the United States' initial position paper, at the time she was sentenced, the Defendant's offense was categorized as a Class D felony carrying a maximum term of five years' imprisonment. Accordingly, the Court may impose a maximum term of two years' imprisonment if the Defendant's supervised release is revoked. *See* ECF No. 54 at 5 (citing 18 U.S.C. § 3583(e)(3)). Additionally, when a defendant tests positive for illegal controlled substances more than three times over the course of one year, the Court *must* revoke the term of supervised release. 18 U.SC. § 3583(g)(4). While the United States previously suggested that this Defendant may qualify for the one statutory exception to mandatory revocation, *i.e.*, participation in an appropriate substance abuse treatment program in lieu of revocation, the Defendant's

continued substance abuse over the last ten months while undergoing treatment reveals that this approach is futile.

The Defendant's substance abuse-related violations constitute Grade C violations under the Guidelines because they involve "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." U.S.S.G. § 7C1.1(a)(3). At the time of sentencing, this Court determined that the defendant's past conduct fell under Criminal History Category III. *See* ECF No. 40. For a Grade C violation and a Criminal History Category of III, the Guidelines suggest a term of imprisonment of five to eleven months. *See* U.S.S.G. § 7C1.5.

## **RECOMMENDATION**

Over the past fourteen months, the Defendant has repeatedly and willfully disregarded the conditions of her supervised release. And each time she faced potential revocation because of her poor decisions, the Defendant enrolled in another substance abuse treatment program, seemingly to avoid incarceration. This pattern reflects the Defendant's choice to use treatment not as an aid for rehabilitation but as a shield from accountability. In January, the United States indicated that the Defendant's willingness to seek treatment rendered a Guidelines' range term of imprisonment inappropriate at that time. Based on the Defendant's behavior since then, however, revocation is now not only appropriate but mandated. The Defendant has squandered the opportunity to rehabilitate herself with the assistance and resources provided by the Probation Office, and the Court is obligated to "prevent probation system resources from being wasted on supervisory services for releasees who do not need them." United States Sentencing Guidelines ("U.S.S.G."), Introductory Commentary to Section 5, Part D (Nov. 2025) (internal citations omitted). This Defendant has demonstrated that she is unwilling and unable to abide by the conditions of

supervised release. Only a willing participant can reap the benefits of rehabilitation under supervision. This Court should revoke the Defendant's supervised release, sentence her to five months' incarceration, and terminate her supervised release early. Such termination is warranted by the Defendant's conduct, in the interests of justice, and ensures that the probation system resources the Defendant has chosen to waste can be reallocated to a willing participant who needs them. U.S.S.G. § 5D1.4.

Respectfully submitted,

Lindsey Halligan
United States Attorney

*Meredith R. Clement*

Meredith R. Clement
Special Assistant United States Attorney (LT)
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Office:   (703) 299-3800
Fax:      (703) 299-3980
Email:    Meredith.Clement2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on November 19, 2025, I caused a copy of the foregoing memorandum to be filed with the Clerk of Court using the CM/ECF system, which will automatically generate a Notice of Electronic Filing (NEF) to all counsel of record.

I further certify that, on November 19, 2025, I emailed a copy of the foregoing memorandum to the Probation Officer assigned to this matter:

Duane Gilliam
Senior United States Probation Officer
Eastern District of Louisiana
Duane_Gilliam@vaep.uscourts.gov

Respectfully submitted,

Lindsey Halligan
United States Attorney

*Meredith R. Clement*
Meredith R. Clement
Special Assistant United States Attorney (LT)
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Office:   (703) 299-3800
Fax:      (703) 299-3980
Email:    Meredith.Clement2@usdoj.gov

6